[Cite as *Lockhart v. Kontak*, 2024-Ohio-4744.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

KRISTI LOCKHART, Executrix of the
Estate of Duane Lockhart, deceased

    Appellant

    v.

JEFFREY KONTAK, M.D.

    Appellee

C.A. No.    2023CA0066-M


APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF MEDINA, OHIO
CASE No.    22CIV0633

DECISION AND JOURNAL ENTRY

Dated: September 30, 2024


SUTTON, Judge.

{¶1}    Plaintiff-Appellant, Kristi Lockhart, Executrix of the Estate of Duane Lockhart, appeals the judgment of the Medina County Court of Common Pleas. This Court affirms.

I.

**Relevant Background**

{¶2}    Kristi Lockhart, Executrix of the Estate of Duane Lockhart, filed a complaint in the Medina County Court of Common Pleas on July 23, 2020, against Jeffrey Kontak, M.D. In her complaint, Ms. Lockhart alleged Dr. Kontak was negligent in the management, care, and treatment of Duane Lockhart, and such negligence resulted in Mr. Lockhart's death. Ms. Lockhart subsequently dismissed the complaint on July 23, 2020, and re-filed it on August 8, 2022. The second complaint alleged the same allegations against Dr. Kontak as the first.

{¶3}    Prior to jury trial, Dr. Kontak filed a motion in limine to prevent Ms. Lockhart from introducing evidence that Dr. Kontak violated the standard of care during two specific office

visits. Mr. Lockhart was treated by Dr. Kontak on three occasions: November 19, 2017, March 26, 2018, and January 17, 2019. The motion in limine argued the 2017 and 2018 visits were outside of the statute of repose, and, therefore, any evidence of negligence during those visits should be excluded. The trial court granted the motion, and, at trial, Ms. Lockhart was only able to introduce standard of care evidence regarding the 2019 visit.

**{¶4}** The jury returned a verdict in favor of Dr. Kontak.

**{¶5}** Ms. Lockhart appealed raising two assignments of error for our review.

## II.

## ASSIGNMENT OF ERROR I

**THE TRIAL COURT'S RULING GRANTING [DR. KONTAK'S] MOTION IN LIMINE TO EXCLUDE ANY STANDARD OF CARE OPINION BARRED BY THE STATUTE OF REPOSE VIOLATED ARTICLE 1, SECTION 19[a] OF THE OHIO CONSTITUTION WHICH STATES THE AMOUNT OF DAMAGES RECOVERABLE BY A CIVIL ACTION IN COURTS FOR THE DEATH CAUSED BY THE WRONGFUL ACT, NEGLECT, OR DEFAULT OF ANOTHER SHALL NOT BE LIMITED BY LAW.**

**{¶6}** In her first assignment of error, Ms. Lockhart argues the trial court erred in granting Dr. Kontak's motion in limine to exclude any evidence of a standard of care violation for medical claims barred by the statute of repose because R.C. 2305.113(C) does not apply to wrongful death claims. We disagree.

**{¶7}** R.C. 2305.113(C) states:

Except as to persons within the age of minority or of unsound mind as provided by section 2305.16 of the Revised Code, and except as provided in division (D) of this section, both of the following apply:

(1) No action upon a medical, dental, optometric, or chiropractic claim shall be commenced more than four years after the occurrence of the act or omission constituting the alleged basis of the medical, dental, optometric, or chiropractic claim.

(2) If an action upon a medical, dental, optometric, or chiropractic claim is not commenced within four years after the occurrence of the act or omission constituting the alleged basis of the medical, dental, optometric, or chiropractic claim, then, any action upon that claim is barred.

The Supreme Court of Ohio, in *Everhart v. Coshocton Cty. Memorial Hosp.*, 2023-Ohio-4670, recently addressed the very issue raised in Ms. Lockhart's first assignment of error. The *Everhart* Court stated: "[t]he broad definition of 'medical claim' that applies to the statute of repose clearly and unambiguously includes wrongful-death claims based on medical care, and nothing in Ohio's statutory wrongful-death chapter negates their inclusion. Therefore, the statute of repose applies to such claims." *Id*. at ¶ 1. Pursuant to R.C. 2305.113(E)(3), "'[m]edical claim' means any claim that is asserted in any civil action against a physician . . . that arises out of the medical diagnosis, care, or treatment of any person."

{¶8} Here, Dr. Kontak filed a motion in limine to exclude time-barred medical claims relating to his treatment of Mr. Lockhart on November 19, 2017, and March 26, 2018. In his motion, Dr. Kontak argued because the complaint was filed on August 8, 2022, any claim of medical negligence occurring prior to August 8, 2018, is time barred pursuant to R.C. 2305.113(C), or the 4-year statute of repose. After hearing arguments on this issue, the trial court excluded standard of care evidence regarding Dr. Kontak's treatment of Mr. Lockhart on November 19, 2017, and March 26, 2018. However, the trial court allowed testimony regarding Mr. Lockhart's medical history and symptoms on those dates. Based upon *Everhart*, and this record, the trial court did not err in excluding the standard of care evidence regarding the medical claims on November 19, 2017, and March 26, 2018, at trial.

{¶9} Accordingly, Ms. Lockhart's first assignment of error is overruled.

**ASSIGNMENT OF ERROR II**

**THE TRIAL COURT ERRED WHEN DEFENSE COUNSEL WAS PERMITTED TO CROSS EXAMINE [MS. LOCKHART'S] EXPERT WITH THE PURPORTED OPINION OF A PREVIOUS EXPERT WHO EXPRESSED NO OPINION ON VIOLATIONS OF [THE] STANDARD OF CARE FOR [MR. LOCKHART'S] VISIT WITH [DR. KONTAK] ON JANUARY 17, 2019.**

{¶10} In her second assignment of error, Ms. Lockhart argued the trial court erred in permitting Dr. Kontak to cross-examine Ms. Lockhart's expert witness, Michael Hahalyak, D.O., with the purported opinion of Ms. Lockhart's previous expert witness. We disagree.

{¶11} "A trial court possesses broad discretion in controlling the scope of cross-examination, and the court's ruling will not be reversed unless there is an abuse of discretion." *Ellis v. Fortner*, 2021-Ohio-1049, ¶ 29, citing *In re Verba*, 1990 WL 139872, *3 (9th Dist. Sept. 26, 1990), citing *O'Brien v. Angley*, 63 Ohio St.2d 159, 163 (1980). "Pursuant to Evid.R. 611(B), cross-examination is permitted on all relevant matters and those affecting credibility of witnesses." *Ellis* at ¶ 29. "The character and extent of cross-examination regarding an appropriate subject matter is within the sound discretion of the trial court." *Id.*, citing *State v. Kish*, 2003-Ohio-2426, ¶ 12 (9th Dist.), citing *State v. Green*, 66 Ohio St.3d 141, 147 (1993). "As such, an appellate court should be slow to disturb a trial court's determination on the scope of cross-examination unless the trial court has abused its discretion and the party illustrates a material prejudice." *Ellis* at ¶ 29, quoting *Bender v. Bender*, 2001 WL 808975, *7 (9th Dist. July 18, 2001). An abuse of discretion "implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). When applying this standard, a reviewing court is precluded from simply substituting its judgment for that of the trial court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993).

{¶12} Here, the record reveals the following exchange occurred on cross-examination between Dr. Kontak's counsel and Dr. Hahalyak:

Q:          But you did review the report and deposition of an individual named Dr. Samuel Ghoubrial, correct?

[MS. LOCKHART'S COUNSEL]:

Objection. Your honor, can we approach the bench?

THE COURT:      Come on up.

(Whereupon, a discussion was then held at sidebar out of hearing of the [j]ury).

THE COURT:      Please proceed.

Q:          Doctor, . . . you weren't asked, though, about everything you reviewed, and you reviewed the report of Dr. Ghoubrial, as well as Dr. Ghoubrial's deposition after drafting your report, correct?

A:          Correct.

Q:          And you're aware that Dr. Ghoubrial was the first family practice medicine expert - -

A:          Yes sir.

Q:          - - retained in this case?

And your criticism in this case relates to the care on January 17th, 2019, as you discussed with [plaintiff's counsel], correct?

A:          That's part of it, yes, yes.

Q:          Well, that's what we talked about.
Are you aware - - well, I guess you are aware, based on your review of the report as well as the deposition, that Dr. Ghoubrial had no criticisms of the care on January 17th, 2019?

[MS. LOCKHART'S COUNSEL]:

Objection.

A:                    His report was not in my report.

Q:                    Fair enough. I'm just asking, you're aware that another family practice doctor retained in this case disagreed with your opinion?

[MS. LOCKHART'S COUNSEL]:

Objection.

THE COURT:      Overruled.

A:                    I believe that's correct. I didn't really think too much about what he said[.]

[DR. KONTAK'S COUNSEL]:

Nothing further. Thank you, Doctor.

{¶13} Based upon this record, we cannot say the trial court abused its discretion in allowing Dr. Kontak's counsel to cross-examine Dr. Hahalyak regarding whether he reviewed Dr. Ghoubrial's report and deposition, and whether Dr. Hahalyak was aware Dr. Ghoubrial took no issue with Dr. Kontak's care of Mr. Lockhart on January 17, 2019. The extent of the cross-examination was quite limited, and Dr. Kontak did not seek to have Dr. Hahalyak opine on Dr. Ghoubrial's report or attempt to place Dr. Ghoubrial's expert's report into evidence. Further, Ms. Lockhart has not demonstrated any prejudice in allowing these questions to be asked of Dr. Hahalyak on cross-examination.

{¶14} Accordingly, Ms. Lockhart's second assignment of error is overruled.

III.

{¶15} For the reasons stated above, Ms. Lockhart's first and second assignments of error are overruled. The judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

BETTY SUTTON
FOR THE COURT

STEVENSON, P. J.
CONCURS.

CARR, J.
CONCURRING.

{¶16} I concur in the majority's judgment. With respect to Ms. Lockhart's second assignment of error, I agree that it is properly overruled. However, I do not agree that the cross-examination was permissible. Dr. Hahalyak only reviewed Dr. Ghoubrial's report and deposition after drafting Dr. Hahalyak's own report. There is nothing in the record which supports the claim

that Dr. Hahalyak relied on Dr. Ghoubrial's report or deposition in forming Dr. Hahalyak's opinion. The cross-examination at issue served no permissible purpose and, instead, put before the jury the opinion of an expert who did not testify at trial and whose view on the issue supported the defense.

{¶17} Nonetheless, after reviewing the entirety of the transcript, I can only conclude that the error was harmless. In other words, even if that testimony had not been admitted, I cannot say the outcome would have been different. In my view, the verdict likely turned on the jury's view of the credibility of Dr. Kontak. One of the central issues in this matter was whether Mr. Lockhart failed to disclose to Dr. Kontak and other providers ongoing exertional chest pain that his family maintained he had or whether Dr. Kontak and other providers failed to document these symptoms and provide appropriate care. I cannot conclude that the limited inappropriate cross-examination that took place impacted the verdict in this matter.

APPEARANCES:

GARY T. MANTKOWSKI, Attorney at Law, for Appellant.

BRET C. PERRY and CHRISTOPHER F. MARS, Attorneys at Law, for Appellee.